## Commonwealth *v.* Rose, Appellant.

*Criminal law—Larceny—Common carriers—Charge of court—Adequacy.*

On the trial of an indictment for larceny of goods while in the custody of a common carrier, it is not necessary for the Commonwealth to establish at the trial that the carrier was the absolute owner of the goods. It was quite sufficient to show the property had been in the possession of the carrier for delivery to the real owner, and that possession carried with it such a qualified ownership as to discharge the burden of proof on the Commonwealth in this respect.

A charge of the court which, considered as a whole, fairly and adequately presented the case to the jury, and which did no more than express the opinion of the trial judge as to the value of the uncontradicted evidence, produced at the trial, is without error.

Argued March 11, 1920. Appeal, No. 20, Oct. T., 1920, by defendant, from the judgment of the Municipal Court of Philadelphia, May Sessions, 1918, No. 436, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Thomas Rose. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Indictment for larceny and receiving stolen goods. Before MACNEILLE, J.

The opinion of the Superior Court states the case.

Verdict of guilty upon which judgment of sentence was passed. Defendant appealed.

*Error assigned* was the charge of the court.

*William T. Connor,* and with him *John R. K. Scott,* for appellant.

*Charles Edwin Fox,* Assistant District Attorney, and with him *Samuel P. Rotan,* District Attorney, for appellee.

Opinion by Head, J., April 24, 1920:

The defendant was convicted on a bill of indictment charging larceny and the receipt of stolen goods. There can be no doubt the verdict was amply supported by the evidence. The two assignments of error are based upon the charge delivered to the jury. It is contended first the charge was inadequate in that it failed to sufficiently present to the minds of the jury the real issues to be submitted to them and it is urged, very earnestly, that the court practically withdrew from the consideration of the jury two of the essential elements of the offense charged and determined them himself as questions of fact.

Necessarily the whole of the charge must itself answer these allegations, if they can be successfully answered. In reviewing the charge of a trial judge upon such assignments there are certain well-established principles of law to be kept in mind and these are as well the results of the application of our own common sense in such matters. We have read the charge in the case at bar with care and we are satisfied the first complaint, to wit, the inadequacy of the charge, is not well founded. It is true it was incumbent on the Commonwealth to establish by proof that there had been a larceny of property not belonging to the defendant but to the person named in the bill of indictment and that it was the function of the jury to determine in their verdict that these two propositions had been established by the evidence. There was really no contest whatever in the proof as to these facts or either of them. The indictment charged that the goods, the subject of the alleged larceny, were the property of the Philadelphia & Reading Railway Company which is a common carrier. They consisted of a number of boxes, bales, etc., of hosiery, tapestry and other valuable goods. It was not necessary for the Commonwealth to establish in the trial of the case that the carrier was the absolute owner of the goods. It was quite sufficient to show the property had been in the possession of the carrier for delivery to the real owner, and that posses-

sion carried with it such a qualified ownership as to discharge the burden of proof on the Commonwealth in this respect.  The evidence on both questions was overwhelming and in no way contradicted and it would be a most violent presumption that would lead to the conclusion the jury could have done anything else than find both these facts in favor of the Commonwealth.  It is in the light of this evidence that we must view the charge of the court.

The learned trial judge at the very beginning said to the jury, "You have heard the testimony that these goods were in this freight car; that the car had been broken into and certain goods removed.  The Commonwealth has attempted to show you these facts and it has attempted to show you further that these exact goods were found on a truck.  It has gone further and attempted to show you that the truck was found by Long (an officer) in the possession of this defendant.  It has shown you that it was the defendant's truck, etc.......The defendant says it did not happen that way, etc.  Now it is for you to say what the facts are in the case.  It seems to me that after all the important point in this case, the very important issue, is, is this defendant identified by Long?  In making up your minds on any of the facts in the case you may take into consideration the facts which are established for whatever bearing they may have upon the fact which you are trying to determine......Now if you believe that the identification by Long is right and that this is the man, then you may consider that fact with the other facts in the case in determining his guilt or innocence."

Thus far we can see no support for the contention that the learned trial judge in any way attempted to usurp the province of the jury or that under the existing circumstances the charge was calculated to divert their minds from the consideration of what after all was the real and practical issue of fact to be determined.  Now it is true that later on in the charge of the court we find

this sentence: "So that after all most things in this case are conceded with the exception of the one fact as to whether or not this defendant is the man Long believed him to be." We may agree this was neither an accurate nor a happy expression of the thought evidently in the mind of the trial judge. Nothing of course was conceded by the defendant. His plea was "not guilty." But if the questions of fact we have referred to were not conceded by the defendant, they were practically conceded by the evidence. As we have before said there was no controversy concerning them and it would have been the sheerest disregard of duty on the part of the jury to have found otherwise than that they were established by proof. It is complained that the learned trial judge, at another portion of his charge, still directing the minds of the jury to the question of the identity of the defendant, said, "All the other facts seem substantially settled in one way or the other and I think you will have very little difficulty in settling all the other facts very distinctly and very easily one way or the other." It is hypercritical, we think, to put too much stress upon the word "settled" in the sentence quoted and yet even the whole of the sentence clearly enough indicates that it was the province of the jury to settle them as the evidence had so distinctly pointed the way. At the most it cannot be convincingly argued the learned trial judge did more than express his opinion as to the value of the uncontradicted evidence. It was within his right to do this if the jury were still left free to exercise their right to pass upon all of the evidence and find the facts. The charge, as we read it, acquits the presiding judge of any transgression in this respect.

Upon a careful consideration of the entire charge, viewed in the light of the circumstances under which the jury received the instructions, we are not convinced that any serious error or error harmful to the defendant was committed. The assignments of error are overruled.

The judgment is affirmed and the record remitted and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.