# Commonwealth *v.* Burke, Appellant.

*Criminal law—Larceny—Evidence.*

On a trial of an indictment for larceny of goods, while in possession of a common carrier, the indictment correctly averred that the stolen articles were the property of the carrier.

When goods are stolen from the carrier in the course of transportation, it is manifest that all the facts necessary to establish the theft and identify the thief cannot always be established by the testimony of a single witness.

At the trial of an indictment for larceny the evidence disclosed that a number of cars loaded with miscellaneous merchandise had arrived at a railroad yard in good condition, with the seals intact, and that a few hours later it was discovered that the seals of the car had been broken and that some of the packages of merchandise had been opened. No detailed examination was made at that time for the purpose of ascertaining what goods had been taken, but new seals were put on the cars and they were permitted to continue, in the regular course of transportation to a freight station where the cars were opened and examined by those having authority to do so, and it was found that the goods had been stolen.

Under such circumstances, it was entirely competent for the Commonwealth to produce evidence that an examination of the contents of the cars, immediately after their arrival at their ultimate destination with the new seals intact, disclosed that a large quantity of goods, including goods specified in the indictment, had been taken from the cars during the course of transportation.

It was also competent for the Commonwealth to produce evidence that the goods, charged in the indictment to have been stolen, were shortly thereafter found in the possession of the defendants or some of them. It was also competent for the Commonwealth to prove that other goods, stolen at or about the same time and from the same cars, were found in the possession of defendants.

This evidence did not tend to establish a distinct crime. It was simply a circumstance connected with and a part of a particular crime charged in the indictment.

The Commonwealth was required to prove the theft of the specific articles charged in the indictment, but it was not precluded from proving that other goods had been stolen at the same time.

320, (1920).]     Syllabus—Opinion of the Court.

*Criminal law—Evidence—Prior offense—Act of March 15, 1911, P. L. 20.*

Where, on the trial of an indictment for larceny, defendant before he took the stand offered evidence to establish his own good reputation or character, he could be asked, on cross-examination in order to test his credibility, whether or not he had been convicted of other similar offenses.

Argued April 26, 1920.   Appeal, No. 114, April T., 1920, by defendant, from judgment of Q. S. Allegheny Co., May Sessions, 1919, No. 297, on verdict of guilty in case of Commonwealth of Pennsylvania v. Frank Burke, Jr.   Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Affirmed.

Indictment for larceny and receiving stolen goods. Before SWEARINGEN, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on the charge of larceny on which judgment of sentence was passed.   Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the court and in permitting the cross-examination of the defendant concerning another similar of-

*Cyrus A. Davis,* and with him *Alexander E. Eckles,* for appellant.

*J. E. Little,* Asst. Dist. Attorney, and with him *Harry H. Rowand,* District Attorney, for appellee.

OPINION BY PORTER, J., July 14, 1920:

The appellant was, jointly with two others, charged in the indictment upon which he was tried, with the larceny of certain goods, the property of the Pennsylvania Railroad Company.   The trial resulted in a verdict of guilty as to this appellant and one other defendant; and Frank

Burke, Jr., having been duly sentenced, appeals from that judgment.

The goods which were the subject of the alleged larceny were in the possession of the Pennsylvania Railroad, as a common carrier, were in the course of transportation and were by the indictment correctly averred to be the property of the carrier. When goods are stolen from a carrier, in the course of transportation, it is manifest that all the facts necessary to establish the theft and identify the thief cannot, always, be established by the testimony of a single witness. In the present case the evidence disclosed that a number of cars loaded with miscellaneous merchandise arrived at the Wilkinsburg yards of the Pennsylvania R. R. Co. in good condition, with the seals intact; a few hours later it was discovered that the seals of the cars had been broken and that some of the packages of merchandise had been opened. No detailed examination was made at that time for the purpose of ascertaining what goods had been taken from the cars, but new seals were put on the cars and they were permitted to continue in regular course of transportation to the freight station at Pittsburgh. When the cars arrived in Pittsburgh the seals which had been put on at Wilkinsburg were found to be intact. In these circumstances it was entirely competent for the Commonwealth to produce evidence that an examination of the contents of the cars immediately after their arrival in Pittsburgh, with the seals intact, disclosed that a large quantity of goods, including the goods specified in the indictment, had been taken from the cars during the course of transportation. The facts that the cars had arrived at Wilkinsburg with the seals intact, that the seals had there been broken and certain packages of merchandise in the cars opened, that the cars had then had new seals attached and that, upon the arrival of the cars at their destination, when the cars were opened and examined by those having the authority to do so, it was found that goods had been taken from

the cars, were proper to be considered by the jury, and sufficient to warrant a finding that the goods had been taken out of the cars while they were in the yards of the railroad company at Wilkinsburg.  The evidence disclosed that goods of the particular kind charged in the indictment had been taken from the cars, and it also disclosed that a large quantity of other goods, not specifically mentioned in the indictment, had been taken from the cars.  It was entirely competent for the Commonwealth to produce evidence that the goods charged in the indictment to have been stolen were shortly thereafter found in the possession of the defendants, or some of them.  It was also competent for the Commonwealth to prove that other goods, stolen at or about the same time, and from the same cars, were found in the possession of the defendants.  This evidence did not tend to establish a distinct crime.  It was simply a circumstance connected with and a part of the particular crime charged in the indictment.  The Commonwealth was required to prove the theft of the specific property charged in the indictment, but it was not precluded from proving that other goods had been stolen at the same time and were shortly thereafter found in the possession of the defendants.  The specifications of error which raise the first and second questions stated by the learned counsel for the appellant to be involved are overruled.

The third and fourth questions, stated by the learned counsel for the appellant to be involved in this appeal, arise out of the fact that, the defendant having testified in his own behalf, the court permitted the district attorney, upon cross-examination, to interrogate him as to the commission by him of offenses similar to that charged in the indictment.  The appellant had, before he himself took the stand, offered evidence tending to establish his own good reputation or character and thus brought himself within the exception provided for in the Act of March 15, 1911, P. L. 20, which otherwise might have protected him against such an inquiry.  The ap-

324     COMMONWEALTH *v.* BURKE, Appellant.

pellant having called witnesses to testify to his good reputation, was not in position to avail himself of the immunity given by the Act of 1911: Commonwealth v. Garanchoskie, 251 Pa. 247; Commonwealth v. Dietrich, 65 Pa. Superior Ct. 602. Considered apart from the provisions of that statute, the ruling of the court permitting the cross-examination in question was not erroneous: Commonwealth v. Racco, 225 Pa. 117; Commonwealth v. Williams, 41 Pa. Superior Ct. 326.

The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.