## Commonwealth v. Goodelman, Appellant.

*Criminal law—Larceny—Allegation of ownership—Indictment—Sufficiency.*

Lawful possession with a qualified property as bailee or agent is sufficient proof of ownership against a wrongdoer. In an indictment for larceny the ownership of the goods stolen may be laid either in the real owner or in the person in whose possession the property was at the time of the theft. Hence the property may be alleged to be that of one who was in possession as bailee, agent, trustee, executor or administrator.

An averment in an indictment for larceny is sufficient, which alleges that the ownership of certain cloth, left with a bailee to be sponged, was the property of the bailee.

*Charge of court—Exceptions—Act of May 11, 1911, P. L. 279, section 2.*

Where only a general exception is taken to the charge of the court, only basic and fundamental errors can properly be urged by appellant.

A charge of the court, which indicates to a slight extent the judge's opinion, but which does not encroach on the province of the jury and their right to determine the facts, is not ground for reversal.

Argued April 12, 1920. Appeal, No. 111, Oct. T., 1920, by defendant, from judgment of Municipal Court, Philadelphia County, December Sessions, 1919, No. 319, on verdict of guilty in case of Commonwealth v. Joseph Goodleman. Before Porter, Henderson, Head, Trexler, Keller and Linn, JJ. Affirmed.

Indictment for larceny and receiving stolen goods. Before McNichol, J.

The opinion of the Superior Court states the case.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Error assigned* was the charge of the court and refusal to quash the indictment.

*Julius J. Levis,* for appellant.

*Michael T. McCullough,* Assistant District Attorney, and with him *Samuel P. Rotan,* District Attorney, for appellee.

OPINION BY KELLER, J., July 14, 1920:

The appellant was convicted of larceny and receiving stolen goods. The indictment charged him with stealing (and receiving, etc.), a roll of woolen cloth, the property of Theodore Devine, John Smith and John Boelinger, trading as Keystone Cloth Sponging Company. On the trial it was developed that the cloth had been stolen from Devine and his copartners, with whom it had been left by the owner, one John Taplinger, for the purpose of having it sponged.

The first assignment of error complains of the refusal of the trial judge to direct a verdict of not guilty, because the ownership of the property alleged to have been stolen was not proved as laid in the bill of indictment.

The goods at the time they were stolen were in the possession of the Keystone Cloth Sponging Company, for the purpose of being sponged. There was, therefore, a sufficient property in the Keystone Cloth Sponging Company to support the indictment. "Lawful possession, with a qualified property as bailee or agent, is sufficient proof of ownership, against a wrongdoer": 3 Greenleaf on Evidence 185 (15th ed.); "It is well settled that the ownership may be laid either in the real owner, or in the person in whose possession the property was at the time of the theft. Hence the property may be alleged to be that of one who was in possession as bailee, agent, trustee, executor or administrator": 17 R. C. L. 61; see also Com. v. Dingman, 26 Pa. Superior Ct. 615.

The third assignment is to the statement of the trial judge in his charge that the defendant had been identified on several occasions as the man who drove the wagon away with the cloth. The word, identify, may

be used in several senses. It may mean, "to prove or establish the identity of a person" which is a matter to be passed on by a jury; or it may mean, "to assert or declare to be the same," which may be done by a witness. From a reading of the charge it is clear that the trial judge used the word in the latter sense. Several persons had positively "identified" the defendant as the man who drove away the wagon containing the cloth, that is, they had positively asserted or declared that he was the same person. One of them used the phrase "positively identify." The situation is not at all the same as in Com. v. Ronello, 242 Pa. 381, a capital case relied upon by the appellant, where the witness only said she believed the defendant was the man she had seen on the road and the trial judge told the jury she had identified him.

The other assignments are to the effect of the charge as a whole, as being too favorable to the Commonwealth. Only a general exception was taken to the charge, without any reason being alleged regarding the same in the hearing of the court, as required by the Act of May 11, 1911, P. L. 279, sec. 2: Chamberæti v. Susquehanna Coal Co., 262 Pa. 261. We are, therefore, confined to an examination of the charge to see if there was any basic or fundamental error contained in it, such as to deny the defendant a fair trial on the offense charged: Com. v. Scherer, 266 Pa. 210. The jury were instructed that they were to be governed entirely by the evidence; that the testimony, as well as the credibility of the witnesses, was for them, and that if they had any doubt arising from the evidence of the defendant's guilt, he was entitled to it and they must acquit. The charge may have indicated, to a slight extent, the judge's opinion as to the reliability of the defendant's story, but taken as a whole, there was no encroachment on the province of the jury, for they could not have misunderstood his statement that the evidence was for them alone and they were to consider nothing else. An expression of opinion by the trial judge is under such circumstances not re-

versible error: Com. v. Zuern, 16 Pa. Superior Ct. 588; Com. v. Orr, 138 Pa. 276; Johnston v. Com., 85 Pa. 54; Com. v. Lenhart, 40 Pa. Superior Ct. 572; Com. v. Cunningham, 232 Pa. 609. We find no fundamental error in the charge considered as a whole.

The assignments of error are all overruled, the judgment is affirmed, and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time this appeal was made a supersedeas.