Commonwealth *v.* Schultz, Appellant.

436

Argued September 25, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*J. S. Jiuliante,* with him *William E. Pfadt,* for appellants.

*Damian McLaughlin,* District Attorney, with him *Herbert J. Johnson, Jr.,* Assistant District Attorney, and *Lindley R. McClellan,* Assistant District Attorney, for appellee.

OPINION BY RHODES, P. J., March 12, 1951:

Defendants, Fred G. Schultz and Mike Dominic, have appealed from convictions and sentences on charges of burglary and larceny. Each of the two indictments contained three counts, burglary, larceny, and receiving stolen goods. Defendants were tried jointly, and found guilty by the jury on the first two

counts of each bill. The court sentenced defendants to a term of not less than one and one-half years nor more than three years in the Allegheny County Workhouse on each bill, the sentences to be served concurrently.

The Commonwealth alleged that the defendants committed the offenses on the evening of January 9, 1950, when they entered two establishments in the vicinity of the City of Erie and in each instance stole a Latex vending machine.

The evidence as to defendants' guilt was circumstantial, but we agree with the court below that it was sufficient to warrant the convictions. The demurrers to the Commonwealth's evidence were properly overruled.

The Commonwealth established that the defendant Schultz was in the business of placing Latex vending machines in roadhouses and tap rooms near the City of Erie, and that at the time he was desirous of acquiring more machines for this purpose. About 8:30 on the night of January 9, 1950, Schultz and Dominic, who was employed by Schultz, entered a tavern and restaurant located twelve miles east of Erie, known as Chick Inn. After they had been at the bar about three quarters of an hour, Dominic entered the men's room. Five minutes later Dominic opened the door a few inches and asked Schultz, who was standing nearby, if he was ready to go. When Schultz replied in the affirmative, Dominic, having an overcoat, walked out of the men's room to the outside door of the tavern which was only a few feet away, and which was held open by Schultz. Because of the conduct of the defendants an employe of the Inn entered the room immediately and found that the Latex vending machine had been taken from the wall. The machine had been intact when Dominic entered, and he was in the washroom alone.

No one had entered from the time that Dominic had left until it was found that the machine was missing.

Later the same evening, about ten minutes to twelve, both defendants entered the Red Lantern Tavern located about five miles west of Erie. Schultz entered the men's room and returned shortly. After ordering drinks Dominic complained of being ill and sought this room where he remained for several minutes. When he came out Dominic still complained that he was ill and accepted the manager's suggestion that he step outside in the fresh air. Meanwhile Schultz was playing a shuffle board on the premises. After Dominic returned he and Schultz remained in the tavern three or four minutes and then left together. The manager immediately entered the washroom to see if it was clean, and discovered that the vending machine had been removed from its base on the wall. The vending machine had been in place when the manager inspected the washroom about two minutes before defendants entered that room. There was a sliding window and screen in the washroom which could be opened from the inside.

Thirteen photographs were shown various witnesses by the state police. The manager of the Red Lantern identified both defendants from these photographs, and the owner and an employe of the Chick Inn identified Schultz from the same photographs. Subsequently the latter two identified Dominic in a police line-up of seven persons. Another witness testified that he saw both defendants at the Chick Inn, and two witnesses testified that Dominic was in the men's room at the Red Lantern Tavern and "made quite an issue" of the fact that he did not feel well. When taken into custody by the police, Dominic first denied that he knew Schultz. Subsequently he acknowledged that he did know Schultz and later admitted traveling with him. When

apprehended both defendants denied that they had been at the Red Lantern Tavern on the night of January 9, 1950, and Schultz denied that he had been at the Chick Inn that evening. Finally both defendants admitted that they had been at both places on the evening in question.

"When a crime charged is sought to be sustained wholly by circumstantial evidence the circumstances proved should be such as reasonably and naturally to justify an inference of the guilt of the accused, and should be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of the accused's guilt beyond a reasonable doubt": *Com. v. Marino,* 142 Pa. Superior Ct. 327, 334, 16 A. 2d 314, 317; *Com. v. Prezioso,* 157 Pa. Superior Ct. 80, 86, 41 A. 2d 350. See *Com. v. Bausewine,* 354 Pa. 35, 41, 46 A. 2d 491. Under this rule it is obvious that the Commonwealth's evidence was sufficient to sustain the convictions. If the Commonwealth's evidence is believed there can be no doubt that defendants stole the vending machines as alleged; and that they entered the taverns with the intention and with the sole purpose of committing a felony therein, that is, to steal the machines. The circumstances appear conclusive. Apart from the business interests of defendants, their actions in the respective establishments, and their conduct on being apprehended (see *Com. v. Karmendi,* 328 Pa. 321, 328, 195 A. 62), the vending machines were in the washrooms immediately prior to defendants' entry therein, and they were missing immediately subsequent to defendants' departure from the premises. The possibility of any other being the guilty party was excluded. The removal of the machines, which were thirty inches by four inches, by defendants was clearly possible; in one instance by concealment under Dominic's overcoat, and in the other by putting the machine out of the washroom window.

Defendants contend that they cannot be convicted of burglary because their entry into the taverns was an entry into a business place at the implied invitation of the owners, and not a wilful and malicious entry as defined by the statute. Section 901 of the Penal Code of June 24, 1939, P. L. 872, 18 PS §4901, describes burglary as follows: "Whoever, at any time, wilfully and maliciously, enters any building, with intent to commit any felony therein, is guilty of burglary . . ." Under this section of the Act the elements of burglary "now are the intent to commit a felony and the successful and effective overt act directed toward the commission of the felony by the wilful and malicious entry into a building." *Com. v. Hellner*, 160 Pa. Superior Ct. 158, 160, 50 A. 2d 512, 513. The entry is wilful and malicious, or felonious, within the statute, when made with the intent to commit a felony in the building. The fact that the building entered was a store, tavern, or restaurant, and open to the public, does not prevent the crime from being burglary if the entry is wilful and malicious, that is, made with the intent to commit a felony therein. Under statutes providing that entry with intent to commit a felony is burglary, eliminating the common law requirement of breaking, it has been held that one could be convicted of burglary for entering a store with larcenous intent, although the entry was made during business hours and without force. Annotation, 23 A. L. R. 288; 9 Am. Jur., Burglary, §4, note 3, p. 242; 12 C. J. S., Burglary, §12, p. 676; 5 Words & Phrases, Burglary, p. 948; *People v. Corral*, 60 Cal. App. 2d 66, 140 P. 2d 172. Contra: *Stowell v. People*, 104 Colo. 255, 90 P. 2d 520. The consent to enter such building is only a qualified one—a consent to enter for proper purposes. Whatever felony is committed in the building is separate and distinct from the felonious entry. *Com. ex rel. Moszczynski v. Ashe*, 343 Pa. 102, 105, 21 A. 2d 920. In the present case, the

wilful and malicious, or felonious, entry is not shown merely by the fact that larceny was later committed, but there is other evidence that defendants' entry was made for the purpose of stealing the machines. It appeared that defendants were in the business of distributing such machines and that they needed more. Their methods of procedure and their actions after entry and prior to the taking were strong evidence of their intent at the time of the entry. The proofs of the Commonwealth of the two similar crimes committed on the same evening by defendants also tend to establish that they were so related to each other as to show a common motive and intent running through both. The trial judge properly and adequately charged the jury that, if defendants wilfully and maliciously entered the building with the intent to commit a felony therein, they were guilty of burglary; but that, if they entered without any intention of committing a felony and later decided after such entry to steal the machines, and did steal them, they would be guilty of larceny only.

We find no merit in defendants' contention that the Commonwealth failed to prove ownership of the property which was alleged to have been stolen. The indictments laid ownership of the property in the owners or managers of the two taverns from which the machines were alleged to have been taken by defendants. The Commonwealth established at least possession of the machines by the proprietors of the taverns or their servants as agents or bailees. Such possession of personal property is sufficient proof of ownership as against a wrongdoer charged with theft. *Com. v. Goodelman*, 74 Pa. Superior Ct. 526, 527; *Com. v. Burke*, 74 Pa. Superior Ct. 320, 322; *Com. v. Rose*, 74 Pa. Superior Ct. 96.

Defendants presented motions for severance asking that they be tried on each bill of indictment separately for the offenses charged. These motions were denied by

the court below. The indictments were closely related in that they charged similar offenses committed by the defendants on the same night and in the same general area of the City of Erie. The methods used in each instance were similar, and the objects stolen were the same. Under these circumstances, there was no abuse of discretion by the trial judge in refusing defendants' motions for severance and in consolidating for trial the charges under the two indictments. *Com. v. Lehman,* 166 Pa. Superior Ct. 181, 183, 70 A. 2d 404.

In appeals Nos. 175, 176, April Term, 1950, the judgments are affirmed, and the record is remitted to the court below, and it is ordered that the defendant, Fred G. Schultz appear in the court below at such time as he may there be called, and that he be by that court committed until he has complied with the sentences, or any part thereof, which had not been performed at the time the appeals were made a supersedeas.

In appeals Nos. 177, 178, April Term, 1950, the judgments and sentences as to the defendant Mike Dominic are affirmed.