## Commonwealth v. Hill

*Merrill W. Kerlin,* for Commonwealth.

*Lawrence C. Zeger,* for defendant.

MacPHAIL, P. J., March 5, 1971.—In this case defendant is indicted under Section 811 of the Penal Code, 18 PS §4811 relating to larceny of growing property. It is alleged that defendant employed another

person to cut down and remove eight trees which were on the prosecutor's land. After a jury trial, defendant was found guilty. Motions for a new trial and in arrest of judgment have been filed.

Factually, the evidence is not greatly in dispute. Defendant and prosecutor have been adjoining landowners for at least the past 18 years. Nothing in the case would indicate that there has ever been a boundary dispute up until the time of the present incident. A hedge row strip separates the fields of the two parties. In the hedge row strip, there is a double strand barbed wire fence that runs from tree to tree in a "zigzag" fashion down the length of the strip. When defendant bought his land 18 years ago, he had it surveyed. The prosecutor located a survey of his land after the incident occurred in August of 1969. He also had the line in question surveyed after the incident.

On August 6, 1969, defendant told one Keefer to cut the eight trees in question along with some other trees that were being cut for timbering purposes. He said that the eight trees were interfering with his farming operation because they cast shade on his field. That night the prosecutor saw that the trees were cut. They were lying on the ground at the time he first observed them. Two days later, after the trees had been removed, the prosecutor went down to examine the situation more closely. Thereafter, he had the division line between the two properties surveyed. All of the trees cut were on defendant's side of the barbed wire fence, but on the prosecutor's side of the surveyed line according to the prosecutor's survey. Defendant also had the division line surveyed and if the results of that survey are accepted, three of the trees would be located on the line and five would be on the prosecutor's side of the line.

At the conclusion of the Commonwealth's case, we

refused defendant's demurrer to the evidence. In this, we erred. The statute under which defendant was indicted plainly states that the offense is only committed when defendant "wilfully and unlawfully steals . . ." By the Commonwealth's own evidence, the "victim" had to have the land surveyed before he could tell on whose side of the division line the trees were located. He testified he had repaired the barbed wire fence on several occasions which would indicate that if he thought the line should be somewhere else, he would have moved it. From his testimony, he was not sufficiently concerned about the incident until two days afterwards. While it is not the victim's knowledge that controls the situation, it is necessary for us to examine his testimony in the light most favorable to the Commonwealth, and even from that vantage point we fail to see the criminal intent on defendant's part. At the very least, a new trial must be awarded.

However, we must also consider defendant's motion in arrest of judgment. Looking at all of the testimony in the light most favorable to the Commonwealth, as we are obliged to do (Commonwealth v. Hazlett, 429 Pa. 476 (1968)), we do not feel that the Commonwealth's evidence proved beyond a reasonable doubt that defendant had the specific intent to steal. Unless that intent is present, this verdict cannot stand: Commonwealth v. Meinhart, 173 Pa. Superior Ct. 495 (1953). Here, all the facts in the case negative such an intent. The trees were cut in broad daylight in an area plainly visible to the prosecutor. They lay on the ground at least overnight before they were moved. The prosecutor apparently drove right by them. Thieves do not ordinarily operate in daylight, nor do they ordinarily permit the fruits of their crime to be exposed to public view. Defendant was familiar with this land for 26 years

and had farmed it right up to the fence line at two places for the past 18 years without any objection from the prosecutor. The trees were on defendant's side of the barbed wire fence line. If certain monuments are used, a survey shows all of the trees were on the prosecutor's side of the line. If other landmarks are used, a survey shows three of the trees on the line and five on the prosecutor's side of the line. In any event, it is clear that the trees were so close to the line that any cutting would be at most a mistake or negligence on defendant's part. In fact, everything that defendant and the prosecutor did in this case is consistent with defendant's claim of ownership right up to the point that the prosecutor had his survey made. Had proceedings been brought against defendant under section 935 of the Penal Code, 18 PS §4935, the jury's verdict would not be distrubed. However, we cannot permit defendant's guilt to stand under section 811. The error was ours in the first instance and we must now take appropriate remedial action. Accordingly, the following order will be entered.

### ORDER OF COURT

And now, March 5, 1971, the motion in arrest of judgment is granted. Costs to be paid by the County of Fulton.