**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JOHN MICHAEL GRAFFIGNA | |
| Appellant | No. 2714 EDA 2015 |

Appeal from the Judgment of Sentence September 4, 2015
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0013727-2014

BEFORE: BENDER, P.J.E., MOULTON , J., and FITZGERALD, J.[*]

MEMORANDUM BY FITZGERALD, J.:          **FILED JANUARY 11, 2017**

Appellant, John Graffigna, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas. Appellant challenges (1) the sufficiency of the evidence, (2) the weight of the evidence, and (3) the legality of his sentence. We affirm the judgment of sentence on the charge of attempted theft by unlawful taking and vacate the judgment of sentence on the charge of conspiracy to commit theft.

The trial court summarized the facts of this case as follows:

> Rochelle Ross owned a 2005 Dark Grey Mercury Mariner. Ms. Ross had given her daughter, Adrianna Brown, permission to use the vehicle. Ms. Brown testified that the last time she had seen the vehicle was at the corner of Van Kirk and Ditman [S]treets on Saturday, October 4, 2014. Ms. Brown testified that on October 4, 2014, the car was in good condition with the exception of a

---

[*] Former Justice specially assigned to the Superior Court.

faulty ignition, a crack in the front windshield, and a dent on the passenger's side. She further testified that the vehicle was going to be towed to New Jersey, where her mother resides, for repairs. Adrianna Brown stated that the last time she was able to operate the vehicle was a week or two prior to the date it went missing. Neither Ms. Ross nor Ms. Brown knew the Appellant, nor had they given him permission to operate the vehicle.

On October 8, 2014 at approximately 3:00 A.M., Detective John Logan (#9047) of the Major Crimes Auto Squad observed the 2005 Dark Grey Mercury Mariner in the area of 4100 Salmon Street. The vehicle had a broken window, its license plates had been removed, the inspection sticker had been scraped off, and that the steering column had been ripped open. Det. Logan testified that he ran the VIN number of the vehicle and learned that it had been reported as stolen two days prior. Det. Logan remained in the area in his unmarked vehicle for approximately one hour. At approximately 4:00 A.M., Det. Logan observed the Appellant and another individual pull up behind the stolen vehicle in a green tow truck. Appellant exited the passenger side of the tow truck and entered the driver's side of the Mercury Mariner. Det. Logan approached the Appellant and observed him seated in the driver's seat sticking a piece of metal into the shifter release[1] mechanism located in the center console. Det. Logan testified that based on his nineteen years in the Auto Squad, he considered the vehicle to be stolen.

_____
[1] A "shift release" is a mechanism put into vehicles in the case the vehicle is disabled and needs to be removed. By using the shift release, the vehicle can be placed into neutral and subsequently towed.

Trial Ct. Op., 12/16/15, at 1-2 (record citations omitted).

At trial, Det. Logan testified as follows:

[Counsel for Appellant]: Now detective, you said that you work in Auto Squad, correct?

A: Yes.

- 2 -

Q: So, you're familiar with the requirements with what an abandoned vehicle is, correct?

A: Yes.

* * *

If a Neighborhood Services Unit would have rolled up on the vehicle it could have been declared as abandoned because of the fact there were no license plates. It had a broken window which makes it a hazard. And I believe there was some other damage on the vehicle and the inspection stickers were removed.

So by Neighborhood Service standards and PennDot standards it is an abandoned vehicle. However—

Q: Thank you.

The Court: Well he can finish.

The Witness: However, being in the Auto Squad for nineteen years it also falls under—

[Counsel for Appellant]: Your Honor, this is actually not responsive to my question.

The Court: But I will allow him to finish.

The Witness: It also falls under the standards of a stolen vehicle abandoned on the highway with a broken ignition and a broken window.

Q: Detective, you had no knowledge that the car was stolen however it would appear to be abandoned; is that fair to say?

A: When I saw the vehicle it looked stolen to me. When I ran it if it came back not stolen I would have notified Neighborhood Services to come and write it as an abandoned vehicle.

N.T., 4/9/15, at 18-20.

Following a non-jury trial, Appellant was convicted of criminal attempt-theft by unlawful taking-movable property,[1] conspiracy-theft by unlawful taking-movable property,[2] and possession of instruments of crime ("PIC").[3] He was sentenced to twenty-one to forty-two months' incarceration, followed by three years' reporting probation, on both attempted theft and conspiracy. N.T. Sentencing, 9/4/15, at 29. For PIC, Appellant was sentenced to a concurrent twenty-one to forty-two months' incarceration. *Id.* This timely appeal followed. Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and the trial court filed a responsive opinion.

Appellant raises the following issues for our review:

> 1. Was not the evidence insufficient for conviction on all offenses charged, insofar as the automobile at issue appeared to be abandoned, and therefore there is insufficient evidence of [Appellant's] intent to deprive another person of their property, or to conspire to do the same, or to use any item for criminal purposes?
>
> 2. In the alternative, was not the verdict against the weight of the evidence, such that the trial court erred in denying the post-verdict motion for a new trial on those grounds?
>
> 3. Did not the trial court impose an illegal sentence on [Appellant], by sentencing him on two separate inchoate

---

[1] 18 Pa.C.S. § 901(a).

[2] 18 Pa.C.S. § 903(c).

[3] 18 Pa.C.S. § 907(a).

- 4 -

offenses relating to the same crime, in violation of 18 Pa.C.S. § 906?

Appellant's Brief at 4.

First, Appellant argues that the evidence was insufficient to convict him of all of the charges because "property that has been abandoned cannot be the subject of a theft-charge . . . ." *Id.* at 10. He contends that

> the defense of mistake of fact (regarding the abandonment of the car) was clearly raised by the evidence at trial . . . .

> \*   \*   \*

> While that was not in fact the case, [Appellant's] apparent belief to that effect was clearly reasonable under the circumstances.

> \*   \*   \*

> Under these circumstances, the other charges also must fall with the attempted theft. The conspiracy charge was for a conspiracy to commit the theft, therefore since the taking of the car would not have been a theft, it cannot support a conspiracy to commit theft. Similarly, when a [PIC] offense is predicated upon using the item to commit a purported crime to which there is a defense, the PIC charge cannot stand.

> Anyone seeing the car at issue here would have assumed it was abandoned. As it is not theft to take an abandoned car, and as the Commonwealth did not prove that [Appellant], in fact knew, that the car was not abandoned, and as any reasonable observer would have assumed that car was abandoned, the Commonwealth did not prove the requisite intent. [Appellant's] convictions must be vacated.

*Id.* at 12-13 (citations omitted).

Our review is governed by the following principles: "A claim challenging the sufficiency of the evidence is a question of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000).

> [T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction . . . does not require a court to ask itself whether **it** believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, it must determine simply whether the evidence believed by the fact-finder was sufficient to support the verdict. . . .
>
> *    *    *
>
> When reviewing the sufficiency of the evidence, an appellate court must determine whether the evidence, and all reasonable inferences deducible from that, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all of the elements of the offense beyond a reasonable doubt. . . .

*Commonwealth v. Ratsamy*, 934 A.2d 1233, 1235-37 (Pa. 2007) (citations and quotation marks omitted).

The Pennsylvania Crimes Code defines criminal attempt as follows:

> **(a) Definition of attempt.**—A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime.

18 Pa.C.S. § 901(a). Conspiracy is defined as

> **(a) Definition of conspiracy.**—A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:
>
> (1) agrees with such other person or persons that they or one or more of them will engage in conduct which

- 6 -

constitutes such crime or an attempt or solicitation to commit such crime; or

(2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

* * *

**(c) Conspiracy with multiple criminal objectives.**—If a person conspires to commit a number of crimes, he is guilty of only one conspiracy so long as such multiple crimes are the object of the same agreement or continuous conspiratorial relationship.

18 Pa.C.S. § 903(a)(1)-(2), (c). Circumstantial evidence may provide proof of the conspiracy. *Commonwealth v. Bricker*, 882 A.2d 1008, 1018 (Pa. Super. 2005).

The Crimes Code defines theft by unlawful taking-movable property as

**(a) Movable property.**—A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof.

18 Pa.C.S. § 3921(a).

PIC is defined as follows:

**(a) Criminal instruments generally.**— A person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally.

18 Pa.C.S. § 907(a).

In *In re J.D.*, 798 A.2d 210 (Pa. Super. 2002), this Court found the evidence was sufficient to support a conviction for attempted theft of an automobile. This Court opined that

by entering the van and his co-conspirator's tampering with the steering wheel once inside, these acts clearly constitute "substantial steps" toward the commission of automobile theft. The fact that [the a]ppellant and his co-conspirator never actually stole the car is of no import here as [the a]ppellant was convicted of attempted theft. Clearly, here the Commonwealth proved certain elements of the crime by circumstantial evidence. Our review of the evidence reveals that the Commonwealth sustained its burden of proving each element of the offense beyond a reasonable doubt. Therefore, [the a]ppellant's argument must fail.

*Id.* at 213.

In ***Commonwealth v. Meinhart***, 98 A.2d 392 (Pa. Super. 1953), this

Court opined:

One of the elements of larceny[4] is a specific intent to steal (*animus furandi*)—an intent to convert the goods wrongfully to the taker's own use or permanently deprive the owner of their possession. Moreover, since larceny is a crime against possession, in order to sustain a conviction of larceny it must appear not only that there was a wrongful caption and asportation of the goods by the defendant, with specific criminal intent, but that the property itself was the subject of larceny.

*Id.* at 394. In ***Meinhart***, we held that abandoned property "belongs to no

one, nor is it regarded as being in the possession of any one. Because there

is no property right in it in any one it cannot be the subject of larceny." ***Id.***

at 395.

Abandoned property is defined as property

---

[4] We note that larceny was a common law crime in existence prior to the enactment of the Crimes Code.

to which an owner has voluntarily relinquished all right, title, claim and possession with the intention of terminating his ownership, but without vesting it in any other person and with the intention of not reclaiming further possession or resuming ownership, possession or enjoyment.

Abandonment involves an intention to abandon, together with an act or omission to act by which such intention is apparently carried into effect. In determining whether one has abandoned his property or rights, the intention is the first and paramount object of inquiry, for there can be no abandonment without the intention to abandon. The intent to abandon is to be determined from all of the facts and circumstances of the case. The question of whether a particular act amounts to an abandonment is generally one of intention. When deciding whether an object has been abandoned, we must consider the nature of the property, the acts and conduct of the parties in relation thereto and the other surrounding circumstances.

*Commonwealth v. Wetmore*, 447 A.2d 1012, 1014 (Pa. Super. 1982)

(citations omitted).

In the case *sub judice*, the trial court opined:

Based on the evidence before it, this [c]ourt was convinced beyond a reasonable doubt that the Appellant intended to deprive another of the 2005 Mercury Mariner. While [Appellant] offered evidence that the vehicle could potentially have been categorized as abandoned by PennDOT or the Neighborhood Services Unit, [Appellant] neglected to offer evidence pertaining to the Appellant's state of mind. Conversely, the Commonwealth presented evidence that the Appellant intended to take a vehicle which he knew did not belong to him. First, Det. Logan noted that the vehicle had only been reported stolen two days prior. Second, Adrianna Brown testified that besides a faulty ignition, the car was in good condition on the day it went missing. Third, Det. Logan explained that the vehicle was found in a residential area where vehicles were unlikely to be abandoned. Fourth, Det. Logan testified that

- 9 -

in his sixteen years of experience as a member of the Auto Squad that the vehicle appeared to be stolen. Fifth, Ms. Ross and Ms. Brown each testified that they did not know the Appellant, and that the Appellant did not have their permission to use the vehicle. Finally, Det. Logan noted that the Appellant jammed a metal object into the shift release mechanism in an attempt to exercise control over the vehicle.

Based on the totality of this evidence, this [c]ourt was convinced that the Appellant did not believe the vehicle to be abandoned, but instead intended to take a vehicle which did not belong to him and which he did not have permission to use.

\* \* \*

The evidence proffered by the Commonwealth, although circumstantial, is sufficient to prove the existence of a conspiracy. Specifically, Det. Logan testified that he observed the Appellant and the other individual arrive together, pulling up behind the stolen vehicle in a green tow truck. Furthermore, the Appellant exited the truck and entered into the driver's side of the stolen vehicle. Finally, the Appellant was discovered by Det. Logan "jamming" a metal object into the shift release mechanism. This [c]ourt determined that the circumstances and conduct surrounding the criminal episode was proof positive of an agreement between the two individuals, shared criminal intent, and an overt act in furtherance of the crime.

\* \* \*

Appellant was in possession of the metal object with the intent to use it criminally. Det. Logan testified that he discovered the Appellant "jamming" a metal instrument into the shift release. Based on all of the evidence before it, the [c]ourt found that the Appellant was in possession of the metal object with the intent to use it criminally . . . .

Trial Ct. Op. at 4-6 (record citations omitted). We agree no relief is due.

- 10 -

Instantly, Appellant was observed with another individual in the 2005 Dark Grey Mercury Mariner, which belonged to Rochelle Ross. Appellant was in the driver's seat attempting to place a piece of metal into the shifter release mechanism. These acts constituted substantial steps towards the commission of automobile theft. *See* 18 Pa.C.S. § 901(a); *In re J.D.*, 798 A.2d at 213. We find the evidence was sufficient to convict him of criminal attempt, theft by unlawful taking. *See* 18 Pa.C.S. § 901(a); *Wetmore*, 447 A.2d at 1014; *Meinhart*, 98 A.2d 392. Furthermore, the circumstantial evidence was sufficient to prove the existence of a conspiracy. *See* 18 Pa.C.S. § 903; *Bricker*, 882 A.2d 1008, 1017. Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we find the evidence was sufficient to convict Appellant of criminal attempt, theft by unlawful taking-movable property, conspiracy and PIC. *See* 18 Pa.C.S. § 901(a); 903(a); 907(a); *Ratsamy*, 934 A.2d at 1235-37. We discern no error of law. *See Widmer*, 744 A.2d at 751.

Next, Appellant argues that the verdict was against the weight of the evidence and the trial court erred in denying his motion for a new trial.[5] Appellant contends that

---

[5] We note that prior to sentencing, pursuant to Pa.R.Crim.P. 607, Appellant made an oral motion for a new trial contending the verdict was against the weight of the evidence. *See* N.T. Sentencing, 9/4/15, at 3-6. The trial court denied the motion. *Id.* at 5.

the verdict of guilt overlooks the preponderance of evidence that the car appeared abandoned to any reasonable observer. Therefore, as the Commonwealth presented no evidence to the contrary, the weight of the evidence was in favor of the conclusion that [Appellant] would have believed it to be abandoned.

Appellant's Brief at 15-16.

Our Supreme Court has held that

[a] motion for a new trial alleging that the verdict was against the weight of the evidence is addressed to the discretion of the trial court. An appellate court, therefore, reviews the exercise of discretion, not the underlying question whether the verdict is against the weight of the evidence. The factfinder is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. The trial court will award a new trial only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion. Thus, the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings.

*Commonwealth v. Ramtahal*, 33 A.3d 602, 609 (Pa. 2011) (citations omitted).

Appellant asks this Court to reweigh the evidence. This we cannot do. *See Ramtahal*, 33 A.3d at 609. Instantly, the verdict was "not so contrary to the evidence as to shock one's sense of justice." *See id.* We discern no abuse of discretion by the trial court. *See id.*

- 12 -

Lastly, Appellant argues, and the Commonwealth agrees, that the trial court imposed an illegal sentence[6] by sentencing him on two separate inchoate offenses relating to the same crime, in violation of 18 Pa.C.S. § 906.[7]  Appellant's Brief at 16; Commonwealth's Brief at 17.  We agree relief is due.

In **Commonwealth v. Watts**, 465 A.2d 1267 (Pa. Super. 1983), this Court opined:

> [The a]ppellant was improperly convicted and sentenced for two inchoate crimes, possession of an instrument of crime (18 Pa.C.S.A. § 907(a)) and possession of a prohibited offensive weapon (18 Pa.C.S.A. § 908(a)). Conviction and imposition of sentence on both of these charges is clearly prohibited by 18 Pa.C.S.A. § 906. . . .  In light of the error committed by the trial court, we have the option either to remand for resentencing or to amend the sentence directly.  Since the trial court imposed identical sentences on the two charges, both of which are misdemeanors of the first degree, and directed that the sentences be served concurrently, it is clear that a remand for resentencing would not result in any change in the sentence.  Therefore, we will vacate the judgment of sentence on the charge of possession of a prohibited offensive weapon, and affirm the judgment of sentence on the charge of possession of an instrument of crime.

**Id.** at 1269.

---

[6] Although Appellant did not object to the sentence until his appeal, we have previously held that a sentence which is illegal is not subject to waiver.  **See Commonwealth v. Edrington**, 780 A.2d 721, 723 (Pa. Super. 2001).

[7] Section 906 provides that "[a] person may not be convicted of more than one of the inchoate crimes of criminal attempt, criminal solicitation or criminal conspiracy for conduct designed to commit or to culminate in the commission of the same crime."  18 Pa.C.S. § 906.

In the case *sub judice*, the court erred in sentencing Appellant on the charge of attempted theft by unlawful taking and on the charge of conspiracy to commit theft. *See id.* Because vacating one of the concurrent sentences will not result in any change in the sentence, we vacate the sentence on the charge of conspiracy to commit theft. *See id.*

We affirm the judgment of sentence on the charge of attempted theft by unlawful taking and vacate the judgment of sentence on the charge of conspiracy to commit theft.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/2017