## Walker v. West Hills Regional Police Department

*Joseph D. Messina*, for plaintiffs Walker and Rollo.

*James F. O'Malley*, for plaintiffs Mattern and Hegedus.

*Myron Markovitz*, for defendant.

McWILLIAMS, *P.J.*, February 29, 1980—On or about May 7, 1979, during midmorning, Joseph Walker and George Rollo discovered dishes in garbage bags placed for collection in Albright Street in Westmont. After removing the dishes Walker and Rollo discovered an estimated $10,000 in mutilated $20 bills. Police Officer Mattern was notified from the B home in Westmont where Walker and Rollo had taken the money and dishes in two garbage bags. Officer Mattern was off duty at the time. However, he called Officer Hegedus who was on duty and both of them went to the B home.

On arrival, the officers saw the mutilated $10,000 laid out on the kitchen floor of the B resi-

dence. Rollo and Walker desired to know if the money was valid or related to any crime and who might be the owner. This was expressed to Officers Mattern and Hegedus when the officers arrived at the B residence.

Officers Mattern and Hegedus assumed investigation of the matter, and Rollo and Walker took the officers to the scene of the two bags' location. Other bags of garbage were there, and believing there might be other moneys in the bags they examined some; then the remaining bags were taken to the Westmont Grove for further examination by Officers Mattern and Hegedus. Only Officers Mattern and Hegedus took the remaining bags to the Grove, telling Walker and Rollo they would handle the investigation.

After further examination by the officers of the bags at the Grove, an estimated $7,000 in whole $20 bills fell out of one of the three bags. Officer Mattern later claimed and was paid for duty from the time of the call alerting him to the incident above. Mattern and Hegedus were regular employes of the West Hills Regional Police Department, and after extensive investigation by said department of the total estimated $17,000, no legitimate claim has been made for said moneys, no owner was determined or located, and the moneys were determined to be valid and not to have been related to any crime.

Walker and Rollo claim the entire amount of $17,000. Mattern and Hegedus claim the $7,000. The cases were consolidated for trial and the parties demand the moneys be paid to them by the West Hills Regional Police Department, defendant (bailee).

This is, in fact, an action to determine plaintiffs' rights to moneys found. Plaintiffs all bring their

actions in mandamus. While all the pleadings of both leave something to be desired, the contents of the complaints are adequate: 3 Goodrich-Amram 2d §1095.2. For a private party to bring a suit in mandamus he must show a specific and independent legal right or interest distinct from the public interest: 3 Goodrich-Amram, supra, §1094.1.

Defendant (bailee), West Hills Regional Police Department, at the trial raised the question of ineligibility of Hegedus or Mattern to claim the money under its rules and regulations. (Section 1.05 Badge of Office states: "B. A member shall not use, or permit the use of, his/her badge of office for personal or financial gain." "D. A member shall not seek or accept any form of reward or remuneration, excluding wages paid by the Department, as a result of his/her conduct while acting within the authority of his/her badge of office, except as directed by the Regional Chief.")

It is argued that the Hegedus and Mattern claim conflicts with the policy against police officers receiving additional compensation for performing their duty. Carr v. Summers, 59 D. & C. 6, 13 (1947), has ruled on that question. The court in that case stated: "That policy is intended to avoid the possibility of bribery or of divided loyalty, and to keep the police independent of any person other than their superiors. It is intended to discourage them from demanding a fee from individual members of the public whom they might be called upon to serve, and to prevent discrimination against those less able to pay.

". . .

"Finally, the circumstances under which the money was found should not prevent recovery. In the cases in which an employe finds lost articles,

the finding is usually in the course of his duty, and the opportunity to find the article generally results from the nature of his employment. . . . If they find something, and it is unclaimed, the law permits them to retain or recover from the bailee that which was found." A rule of law ought to apply to all alike: Hamaker v. Blanchard, 90 Pa. 377, 380 (1879); we shall not apply a different rule to a police officer if he has acted honestly and with an "entire fairness of interest of conduct" and the circumstances attending the finding "manifest good faith on his part." Fundamentally, these are the things upon which the right of the finder depends: Tatum v. Sharpless, 6 Phila. 18, 20 (1865); Clark & Marshall, Crimes §319 (3d ed.).

Now, accordingly, we determine that the rules and regulations do not prohibit the police officers from sharing as finders. From the evidence, we make the following findings of fact.

## FINDINGS OF FACT

1. Walker and Rollo alone found the $10,000 mutilated money.

2. Officers Mattern and Hegedus, who found the $7,000 whole money on removal of the bags, were shown the bags and location by Walker and Rollo.

3. Walker and Rollo requested an investigation as to the validity of the money, the absence of its connections with any crime, and the ownership of the money.

4. Officers Mattern and Hegedus upon first seeing the $10,000 at the B residence engaged as police officers in the further investigation.

5. Officers Mattern and Hegedus manifested good faith and entire fairness of conduct on their part throughout the investigation.

6. Officers Mattern and Hegedus found the $7,000 whole money in one of the bags from Albright Street during the course of their investigation at Westmont Grove after being shown the location and bags by Walker and Rollo at Albright Street; immediately after taking the bags to Westmont Grove for ease in examination of the bags' contents, the officers told Walker and Rollo that they, the officers, would continue the investigation which they did. Thereby, the $7,000 whole money was discovered.

7. All the money in question, the $17,000, has not been claimed even after the public had been notified through the proper and usual channels and notice given.

8. The money is valid money, there is nothing to indicate its relation with any crime, and no owner of the money has been identified after thorough and exhaustive investigation.

9. West Hills Regional Police Department (bailee) authorized and conducted investigation of all the money in question upon its discovery.

## CONCLUSIONS OF LAW

1. The court has jurisdiction over the parties and the subject matter.

2. Walker and Rollo are co-finders of the $10,000 mutilated money.

3. Walker and Rollo and Officers Mattern and Hegedus are co-finders of the $7,000 whole money: Felt v. Carr, 59 D. & C. 237 (1947).

4. The efforts of Walker and Rollo and Officers Mattern and Hegedus all combined to find the $7,000 whole money.

5. Officers Mattern and Hegedus are not disqualified nor ineligible under the Department rules and

regulations from sharing in the $7,000 whole money and are entitled to share as determined by this court: Carr v. Summers, 59 D. & C. 6 (1947).

6. The finder of lost property has a valid claim to the same against all the world, except the true owner and the place in which it was found creates no exception to this rule: Hamaker v. Blanchard, 90 Pa. 377, 379 (1879).

7. All the money in question, the $17,000, is determined to be abandoned or lost property.

8. The investigative efforts of the West Hills Regional Police Department, defendant (bailee), were necessary to make the $17,000 amount available for distribution.

Accordingly, we make the following

## DECREE NISI

And now, February 29, 1980, it is ordered, adjudged, and decreed as follows:

1. West Hills Regional Police Department (bailee) is entitled to be reimbursed for all the necessary and reasonable costs and expenses including man hours spent for determining the validity of the money, the absence of its connection with any crime, the attempts at ownership determination, and its costs pursuant to the present hearing including an allowance of $150 attorney's fees.

2. 10/17 of the balance of the total moneys held after costs and expenses above are paid is to be distributed equally to Walker and Rollo.

3. 7/17 of the balance of the total moneys held after costs and expenses in paragraph 1 are paid is to be distributed equally to Walker, Rollo, Mattern, and Hegedus.

4. The dishes are to be distributed to Rollo and Walker.

462

5. Plaintiffs are to bear their own respective costs.

6. Defendant, West Hills Regional Police Department (bailee), is directed to act in accordance herewith.