## Hamaker *versus* Blanchard.

1. The finder of lost property has a valid claim to the same against all persons but the true owner, and generally the place in which it is found creates no exception to this rule.

2. The fact that money is found in the public room of a hotel, creates no presumption that it belonged to a guest of the hotel, and that the hotel-keeper, by reason of its thus being found, is entitled to the custody thereof to await the true owner.

3. A domestic servant in a hotel found in the public parlor a roll of bank-bills. She immediately informed the proprietor of the hotel, who suggested that the money belonged to a transient guest of the house and received it from the servant to hand to the guest. It was afterwards ascertained that the guest did not lose the money, and upon demand by the servant the proprietor refused to return it to her. She brought assumpsit for the money. *Held*, that she was entitled to recover.

May 27th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas of *Mifflin county:* Of May Term 1879, No. 57.

Assumpsit by James Blanchard and Sophia, his wife, for the use of the wife, against W. W. Hamaker.

This was an appeal from the judgment of a justice of the peace. The material facts were these: Sophia Blanchard was a domestic servant in a hotel in Lewistown, of which the defendant was the proprietor. While thus employed, she found in the public parlor of the hotel, three twenty-dollar bills. On finding the money, she went with it to Mr. Hamaker, and informed him of the fact, and upon his remarking that he thought it belonged to a whip agent, a transient guest of the hotel, she gave it to him, for the purpose of returning it to said agent. It was afterwards ascertained that the money did not belong to the agent, and no claim was made for it by anyone. Sophia afterwards demanded the money of defendant, who refused to deliver it to her. Defendant admitted that he still had the custody of the money.

In the general charge the court (Bucher, P. J.,) inter alia, said: "If you find that this was lost money, Hamaker did not lose it, and that it never belonged to him, but that it belonged to some one else who has not appeared to claim it, then you ought to find for the plaintiff, on the principle that the finder of a lost chattel is entitled to the possession and use of it as against all the world except the true owner. * * * The counsel for the defendant asks us to say that as the defendant was the proprietor of a hotel and the money was found therein, the presumption of law is that it belonged to a guest, who had lost it, and that the defendant has a right to retain it as against this woman, the finder, to await the demand of the true owner. I decline to give you such instructions; but

[Hamaker *v.* Blanchard.]

charge you that under the circumstances there is no presumption of law that this money was lost by a guest at the hotel, and that the defendant is entitled to keep it as against this woman for the true owner."

The verdict was for the plaintiffs for $60, with interest, and after judgment thereon, defendant took this writ and assigned for error the foregoing portions of the charge.

*H. J. Culbertson,* for plaintiff in error.—It is only in the absence of all protection or responsibility in reference to a lost chattel, that the place in which a lost article is found does not constitute any exception to the general rule of law, that the finder is entitled to it as against all persons except the true owner: Bridges *v.* Hawkesworth, 7 Eng. Law and Eq. Rep. 430; McAvoy *v.* Medina, 11 Allen (Mass.) 549. An innkeeper is liable for the goods of his guest, including money, and if they are brought within the inn a responsibility is created: Houser *v.* Tully, 12 P. F. Smith 92; Packard *v.* Northcraft's Administrators, 2 Metc. (Ky.) 439; Berkshire Woollen Co. *v.* Proctor, 7 Cush. 417; Edwards on Bailments, 2d ed., sect. 459; Story on Bailments, sect. 471; Jones on Bailments 95; Addison on Torts, Wood's ed., vol. 1, pp. 755 and 752. He is bound to keep honest servants, and is responsible for the honesty of his servants and his guests: Houser *v.* Tully, *supra;* Gile *v.* Libby & Whitney, 36 Barb. (N. Y.) 70; Story on Bailments, *supra.* To allow servants to retain money found in an inn would encourage them to be dishonest. The better rule is to require them to deliver property so found to their employer, to be held for the true owner: Mathews *v.* Harsell, 1 E. D. Smith's Rep. (N. Y.) 394. An innkeeper is held to a rigid responsibility in the care of his guests' property, and it is a safe presumption of law that money found in an inn belonged to a guest, and that the innkeeper has a right to the custody of it as against his servant, the finder, to await the true owner, and if the latter does not make claim thereto, then he should have the money who bears the responsibility.

*J. A. McKee,* for defendants in error.—There is no evidence that the money belonged to a guest of the hotel.

An innkeeper is under no obligation to one who casually steps into his house to transact business, using his parlor as a matter of convenience, and the innkeeper under such circumstances would not be liable for the loss of any property or money left there without his knowledge or consent: Story on Bailments, sec. 477; 2 Kent's Com. 595.

There is no presumption of law that the money was lost by a guest. If this money was found in such a situation as to clearly indicate that it was lost, and not voluntarily placed where it was

[Hamaker v. Blanchard.]

found, by the owner, by mistake or forgetfulness, then the finder is entitled to it: McAvoy v. Medina, *supra.*

Mr. Justice TRUNKEY delivered the opinion of the court, June 9th 1879.

It seems to be settled law that the finder of lost property has a valid claim to the same against all the world, except the true owner, and generally that the place in which it is found creates no exception to this rule. But property is not lost, in the sense of the rule, if it was intentionally laid on a table, counter or other place, by the owner, who forgot to take it away, and in such case the proprietor of the premises is entitled to retain the custody. Whenever the surroundings evidence that the article was deposited in its place, the finder has no right of possession against the owner of the building: McAvoy v. Medina, 11 Allen (Mass.) 548. An article casually dropped is within the rule. Where one went into a shop, and as he was leaving picked up a parcel of bank notes, which was lying on the floor, and immediately showed them to the shopman, it was held that the facts did not warrant the supposition that the notes had been deposited there intentionally, they being manifestly lost by some one, and there was no circumstance in the case to take it out of the general rule of law, that the finder of a lost article is entitled to it as against all persons, except the real owner: Bridges v. Hawkesworth, 7 Eng. Law & Eq. R. 424.

The decision in Mathews v. Harsell, 1 E. D. Smith (N. Y.) 393, is not in conflict with the principle, nor is it an exception. Mrs. Mathews, a domestic in the house of Mrs. Barmore, found some Texas notes, which she handed to her mistress, to keep for her. Mrs. Barmore afterwards intrusted the notes to Harsell, for the purpose of ascertaining their value, informing him that she was acting for her servant, for whom she held the notes. Harsell sold them, and appropriated the proceeds; whereupon Mrs. Mathews sued him and recovered their value, with interest from date of sale. Such is that case. True, Woodruff, J., says: "I am by no means prepared to hold that a house-servant who finds lost jewels, money or chattels, in the house of his or her employer, acquires any title even to retain possession against the will of the employer. It will tend much more to promote honesty and justice to require servants in such cases to deliver the property so found to the employer, for the benefit of the true owner." To that remark, foreign to the case as understood by himself, he added the antidote: "And yet the Court of Queen's Bench in England have recently decided that the place in which a lost article is found, does not form the ground of any exception to the general rule of law, that the finder is entitled to it against all persons, except the owner." His views of what will promote honesty and justice are entitled to respect, yet

[Hamaker *v.* Blanchard.]

many may think Mrs. Barmore's method of treating servants far superior.

The assignments of error are to so much of the charge as instructed the jury that, if they found the money in question was lost, the defendant had no right to retain it because found in his hotel, the circumstances raising no presumption that it was lost by a guest, and their verdict ought to be for the plaintiff. That the money was not voluntarily placed where it was found, but accidentally lost, is settled by the verdict. It is admitted that it was found in the parlor, a public place open to all. There is nothing to indicate whether it was lost by a guest, or a boarder, or one who had called with or without business. The pretence that it was the property of a guest, to whom the defendant would be liable, is not founded on an act or circumstance in evidence.

Many authorities were cited, in argument, touching the rights, duties and responsibilities of an innkeeper in relation to his guests; these are so well settled as to be uncontroverted. In respect to other persons than guests, an innkeeper is as another man. When money is found in his house, on the floor of a room common to all classes of persons, no presumption of ownership arises; the case is like the finding upon the floor of a shop. The research of counsel failed to discover authority that an innkeeper shall have an article which another finds in a public room of his house, where there is no circumstance pointing to its loss by a guest. In such case the general rule should prevail. If the finder be an honest woman, who immediately informs her employer, and gives him the article on his false pretence that he knows the owner and will restore it, she is entitled to have it back and hold it till the owner comes. A rule of law ought to apply to all alike. Persons employed in inns will be encouraged to fidelity by protecting them in equality of rights with others. The learned judge was right in his instructions to the jury.

Judgment affirmed.

MERCUR, J., dissents.