# Russell v. Stratton, Appellant.

*Lease—Quarry—Abandonment—Evidence.*

In an action to recover the value of a large quantity of cut stone and for the use of tools, a verdict and judgment for plaintiff will be sustained where it appears that the plaintiff leased a quarry, and after he had operated it for some time and had taken out the stone in controversy, he went away on other business; that he was not at the time able to sell the stone; that about two years thereafter the landlord sold the cut stone and the tools, and leased the quarry to the defendants; that the defendants sold the stone and used the tools, and that plaintiff brought his suit two years after the defendants had taken possession of the quarry. In such a case the evidence is sufficient to sustain a finding that no abandonment of the stone and of the tools was intended by the plaintiff.

Argued Nov. 1, 1901.   Appeal, No. 105, Oct. T., 1901, by defendant, from judgment of C. P. No. 1, Allegheny Co., June T., 1900, No. 272, on verdict for plaintiff in case of Robert Russell v. E. L. Stratton, George W. Lewis and W. P. Woods, trading as Stratton, Lewis & Company.   Before MC-COLLUM, C. J., MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Assumpsit for cut stone and use of tools.   Before COL-LIER, J.

At the trial it appeared that plaintiff had leased a quarry from one Kepple.   He took out a large quantity of cut stone, some of which he could not sell at the time.   He went away on other business, and while away made several efforts to sell the stone.   Two years after his departure Kepple sold the stone and the tools which the plaintiff had left to the defendants, and also leased to them the quarry, indemnifying them against any claim by plaintiff.   Defendants sold the stone and used the tools.   Two years after defendants had taken possession of the quarry plaintiff instituted this suit. The court refused to give binding instructions for defendant, and submitted to the jury the question of abandonment.

Verdict and judgment for plaintiff for $5,610.05.   Defendant appealed.

*Errors assigned* were portions of the charge.

*W. B. Rodgers*, with him *J. M. Galbreath* and *H. Q. Walker*, for appellants.

*Lev. McQuistion*, with him *S. A. Will*, for appellee.

PER CURIAM, January 6, 1902:

The main question in the case was whether the property in controversy had been abandoned by the plaintiff. This was to be determined from a consideration of the nature of the property and the conduct of the plaintiff in relation to it, and the question was essentially one of fact for the jury.

The judgment is affirmed.