667 A.2d 233

**POCONO SPRINGS CIVIC ASSOCIATION, INCORPORATED**

v.

**Joseph W. MacKENZIE and Doris C. MacKenzie, Appellants.**

Superior Court of Pennsylvania.

Submitted June 5, 1995.

Filed Oct. 31, 1995.

446

Tammy L. Clause, Newfoundland, for appellants.

Howard C. Terreri, Scranton, for appellee.

Before ROWLEY, President Judge, and SAYLOR and HOFFMAN, JJ.

ROWLEY, President Judge.

The issue in this appeal is whether real property owned by appellants Joseph W. MacKenzie and Doris C. MacKenzie has been abandoned, as they claim. In an order entered January 5, 1995, the trial court granted summary judgment, in the amount of $1,739.82, in favor of appellee Pocono Springs Civic Association, Inc., which argued successfully to the trial court that appellants had not abandoned their property located in appellee's development, and, therefore appellants were still obligated to pay association fees.[1]

The parties filed a stipulation of the facts "for disposition of this case", and the facts are in no manner disputed. Our determination, therefore, is simply whether the trial court erred as a matter of law in finding that appellee's right to summary judgment is clear and free from doubt.[2]

1.  The covenant upon which appellee relies reads as follows:
    An association of all property owners is to be formed by the Grantor and designated by such name as may be deemed appropriate, and when formed, the buyer covenants and agrees that he, his executors, heirs and assigns, shall be bound by the by-laws, rules and regulations as may be duly formulated and adopted by such association and that they shall be subject to the payment of annual dues and assessments of the same.
    Deed, Covenant Number 11.

2.  The trial court order reads as follows:

We briefly outline the facts and procedural background of the case as follows: Appellants purchased a vacant lot at Pocono Springs Development, located in Wayne County, on October 14, 1969. In 1987, appellants decided to sell their still-vacant lot. A subsequent offer for the purchase of appellants' lot was conditioned upon the property being suitable for an on-lot sewage system. Upon inspection, the lot was determined to have inadequate soil for proper percolation, and appellants' sale was lost. Believing their investment to be worthless, appellants attempted to abandon their lot at Pocono Springs Development. Appellants claimed that because they successfully abandoned their lot, they are relieved from any duty to pay the association fees sought by appellee. The trial court held, however, that the appellant's abandonment defense is "not a valid defense". We agree with the trial court, and affirm.

■ Our standard of review when faced with an appeal from a trial court order granting summary judgment is as follows:

[T]he [C]ourt must accept as true all well-pleaded facts in the non-moving party's pleadings and give the non-moving party the benefit of all reasonable inferences to be drawn therefrom. In order to uphold a grant of summary judgment, the record must demonstrate both an absence of genuine issues of material fact and an entitlement to judgment as a matter of law.

*Chicarella v. Passant,* 343 Pa.Super. 330, 340, 494 A.2d 1109, 1114 (1985); *see also Washington Federal Savings and Loan Association v. Stein,* 357 Pa.Super. 286, 515 A.2d 980 (1986).

AND NOW, to wit this 30th day of December, 1994, it is hereby ordered that the Motion for Summary Judgment filed by [appellee] is GRANTED.

IT IS FURTHER ORDERED that judgment be entered in favor of [appellee] in the amount of One thousand, six hundred, eighty eight and $^{12}/_{100}$ ($1,688.12) dollars plus Fifty-one and $^{70}/_{100}$ ($51.70) dollars in recording costs based upon the Stipulation of Facts and Count I of [appellee's] Complaint.

Trial Court Order (Conway, P.J.), 1/5/95.

Appellants' argument, that they successfully abandoned their lot at Pocono Springs Development, is based upon several actions that they believe disassociate them from the land. First, appellants, after learning that the lot would not meet township sewage requirements, attempted to turn the lot over to appellee. Appellee declined to accept the property. Second, appellants tried to persuade appellee to accept the lot as a gift, to be used as a park-like area for the community. Appellee again declined. Third, in 1986 appellants ceased paying real estate taxes on their lot, and in 1988 the Wayne County Tax Claim Bureau offered the property for sale, due to delinquent tax payments. There were no purchasers. Fourth, in 1990, the lot was again offered for sale by the Tax Claim Bureau. The property again was not sold. The Bureau then placed the lot on its "repository" list. Fifth, appellants signed a notarized statement, mailed to "all interested parties," Brief for Appellants at 9, which expressed their desire to abandon the lot. Sixth, appellants do not accept mail regarding the property. These occurrences, together with appellants having neither visited the lot nor utilized the development's services since 1986, cause appellants to "assert that they do not have 'perfect' title to Lot # 20, in Pocono Springs [Development,] [thus] they can and have abandoned said property back to the sovereign." *Id.* at 11. On the basis of the above, appellants argue that their conduct manifests an intent to abandon, and that their intent to abandon should be a question of fact which precludes summary judgment.

The law of abandonment in Pennsylvania does not support appellants' argument. This Court has held that abandoned property is that:

... to which an owner has voluntarily relinquished all right, title, claim and possession with the intention of terminating his ownership, but without vesting it in any other person and with the intention of not reclaiming further possession or resuming ownership, possession or enjoyment.

*Commonwealth v. Wetmore*, 301 Pa.Super. 370, 373, 447 A.2d 1012, 1014 (1982) (citations omitted). However, in the instant case, appellants have *not* relinquished their rights, title, claim

and possession of their lots. They remain owners of real property in fee simple, with a recorded deed and 'perfect' title. Absent proof to the contrary, possession is presumed to be in the party who has record title. *Overly v. Hixson,* 169 Pa.Super. 187, 82 A.2d 573 (1951). As appellants themselves concede, with commendable candor, *see* Brief for Appellants at 15, no authority exists in Pennsylvania that allows for the abandonment of real property when owned in fee simple with perfect title.[3] Additionally, appellants properly admit that neither refusal to pay taxes nor non use of real property constitutes abandonment. Brief for Appellants at 16; *see also Petition of Indiana County,* 360 Pa. 244, 248–49, 62 A.2d 3, 5 (1948) ("It has frequently been held that abandonment of title is not to be presumed from a mere failure to possess the land or from neglect to pay the taxes thereon; inchoate rights may be abandoned but abandonment is not predictable of perfect titles[.]"). Yet, appellants nonetheless maintain that *their* non use, refusal to pay taxes, and offers to sell create an abandonment, because of a displayed intent to abandon.

■ But appellants simply do not accept that the record shows that they have retained 'perfect' title to their lot. Neither title nor deed has been sold or transferred. Indeed, appellants *admit* that they are the owners of the lots in question. *See* Stipulation of Facts, Number 1 ("[Appellants] own Lot # 20, Edgehill Road, in the real estate subdivision development generally known as Pocono Springs Estates, by virtue of deed attached ... as Exhibit 'A', which is incorporated herein by reference."). Perfect title, under Pennsylvania law, cannot be abandoned. *O'Dwyer v. Ream,* 390 Pa. 474,

3. Most commonly, abandonment involves personal property or railway lines not owned in fee simple. *See Quarry Office Park Associates v. Philadelphia Electric Company,* 394 Pa.Super. 426, 576 A.2d 358 (1990) (Court reversed order granting summary judgment and remanded the case, holding that whether Conrail abandoned a rail line was a question for the factfinder, because Conrail owned a right of way, rather than a fee simple interest); *Commonwealth v. Wetmore,* 301 Pa.Super. 370, 447 A.2d 1012 (1982) (Court affirmed order of trial court that arrested judgment following a jury trial; Court held that abandonment of shotgun occurred when father told chief of police to keep and dispose of weapon); *In re Perlman's Estate,* 348 Pa. 488, 35 A.2d 418 (1944) (fiduciary abandoned interest in life insurance policies).

136 A.2d 90 (1957). In *O'Dwyer,* our Supreme Court held that once it is determined that good title exists, then the abandonment theory cannot succeed. *See also A.D. Graham & Company, Inc. v. Pennsylvania Turnpike Commission,* 347 Pa. 622, 33 A.2d 22, 29 (1943) (which held that the doctrine of abandonment does not apply to perfect titles, only to imperfect titles). Appellants do not cite, and our own research has not discovered, any more recent cases that would cause us to question the authority of the cited decisions. Absent authority to support their argument, therefore, the appeal cannot be successful for appellants. In short, as the trial court held, "[appellant's] 'Abandonment Authorization' [is] not a valid defense." Trial Court Opinion (Conway, P.J.), 1/5/95, at 6.

■ Appellants further claim that the trial court erred in granting summary judgment because whether they abandoned their lots should be a question of intent, for a jury to determine. In an attempt to support this argument, appellants cite *Wetmore, supra,* and *O'Dwyer, supra.* Neither case, however, nor any other that appellants could have cited, stands for the proposition that summary judgment may not be granted when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Intent is an element in the doctrine of abandonment only if the claim survives a motion for summary judgment, and, heretofore, only in cases involving personal property. In the instant case, appellants' intent is irrelevant. What is controlling is our law, which states that real property cannot be abandoned. The law, therefore, leaves nothing for a jury to decide on this claim, which amounts to a legal impossibility.

Having carefully read the entire deed, we cannot find language that would offset appellants' duty under covenant number 11, *supra* at footnote 1, nor any language that would serve as a guide to what appellee's remedies are via the covenant for failure to pay. Thus, appellants, retaining perfect title, albeit reluctantly, and having entered into an agreement with appellee to be subject to certain required payments, have not proven a genuine issue of material fact that would mandate reversal of the trial court's entry of summary judg-

ment for appellee. Therefore, we are constrained to find that appellee is entitled to judgment as a matter of law.

Order affirmed.