**COMMONWEALTH of Pennsylvania**

v.

**$7,000.00 IN U.S. CURRENCY.**

**Louis Booher, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Nov. 4, 1999.
Decided Dec. 10, 1999.

712

Charles I. Himmelreich, Harrison City, for appellant.

Kelly A. Tua, Greensburg, for appellee.

Before FRIEDMAN, J., LEADBETTER, J., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Trafford Police Officer Louis Booher appeals from the order of the Court of Common Pleas of Westmoreland County (trial court) dismissing his petition to set aside the trial court's order of June 28, 1998, ordering that $7,000 found by Booher be forfeited to the Commonwealth. We affirm.

On April 10, 1998, while on duty, Booher found $7,000 in cash in the middle of Belleauwood Boulevard in the Borough of Trafford. Booher waited in the area for approximately ten minutes, but did not notice anyone that might be connected with the money or any form of criminal activity. Booher returned to the police department and placed the money in a locked evidence drawer. He went back to the scene but saw nothing that would enable him to determine the owner of the money.

The next morning Booher informed the chief of police that he had found the money and that he wanted it returned to him if it remained unclaimed. The police chief said he would handle the matter. Subsequently, and without Booher's knowledge, the county district attorney filed a petition to condemn and forfeit the money. The petition alleged that the money was packaged in a manner consistent with that used by drug dealers and that a narcotics canine had detected a controlled substance on the bills. The petition was never served upon Booher, who did not learn of the June 28, 1998 order granting forfeiture until January of 1999. Booher then filed a petition to set aside the forfeiture order on the grounds that the money was his property and should not have been subject to forfeiture.

The trial court noted that in order for Booher to have standing to contest the forfeiture proceeding, he first had to establish his right to the money. The trial court relied on *In Re Funds in Conemaugh Township*, 724 A.2d 990 (Pa. Cmwlth.1999), *appeal granted*, 559 Pa. 695, 739 A.2d 1059 (1999), which held that a

police officer cannot claim ownership of property found during the performance of his official duties.[1] The trial court concluded that, because Booher could not claim ownership of the money, he lacked standing to attack the validity of the forfeiture order. Accordingly, by order dated March 25, 1999, the trial court dismissed Booher's petition.

▬▬ On appeal to this Court,[2] Booher relies on *Walker v. West Hills Regional Police Dept.,* 13 Pa. D & C 3d 456 (1980) and *Carr v. Summers,* 59 Pa. D & C 6 (1947), in which police officers claimed a right to money they found, which was deemed to be lost, and were awarded the money. Booher argues that the definition of "property" at Section 1301.1 of the Fiscal Code[3] specifically excludes property deemed lost at common law, and that no other act or regulation prohibits police officers from asserting a right to lost property. Therefore, Booher argues, he has standing to challenge the forfeiture order as the finder of "lost" property, whose claim is valid against all except the true owner.[4]

▬▬ Booher argues that the decision in *Conemaugh Township* should be reversed, clarified or limited to the facts of that case, because it eliminates the distinction made in the Escheat Act between lost and abandoned property by treating money found by a police officer as lost if claimed by another, but as abandoned if claimed by

the officer. The trial court opined that the evidence indicated that the money in question was either lost or abandoned property, but the distinction was not relevant to its decision in this matter. We agree.

In *Conemaugh Township,* a police officer found $20,000 in cash on a roadside during a routine traffic stop. The common pleas court rejected testimony by the subject of the traffic stop as not credible and declared the police officer to be its rightful owner. The motorist appealed, arguing that the trial court erred by not finding that he had lost the cash and was its rightful owner. The *Conemaugh Township* court reversed and remanded the matter to the trial court with instructions to direct the actions necessary to effect an escheat of the funds to the State Treasurer.

In reaching its decision, the *Conemaugh Township* court first observed that neither *Carr* nor *Walker* fully examined the public policy implications of their result.[5] The *Conemaugh Township* court next noted that "[a]nything that clearly tends to injure the public confidence in the purity of the administration of the law indisputably offends public policy." *Id.* at 994 (citation omitted). The court reviewed the great responsibility vested in municipal police officers and the fact that the law requires them to adhere to standards higher than those in many other occupations. Finally, the court concluded that allowing police to

1. The *Conemaugh Township* decision was filed approximately ten days before Booher filed his petition.

2. On appeal from a forfeiture proceeding, our scope of review is limited to determining whether the trial court's findings of fact are supported by substantial evidence and whether the trial court abused its discretion or committed an error of law. *Strand v. Chester Police Department,* 687 A.2d 872 (Pa.Cmwlth. 1997).

3. Act of April 9, 1929, P.L. 343, added by the Act of December 9, 1982, P.L. 1057, *as amended,* 72 P.S. § 1301.1. Article XIII of the Fiscal Code is commonly referred to as the "Escheat Act."

4. It is well settled that in Pennsylvania a finder of lost property has a valid claim against all but the true owner. *Hamaker v. Blanchard,* 90 Pa. 377 (1879). Property is lost when the owner involuntarily parts with it through carelessness, negligence, or inadvertence. *Id.* Property is abandoned where the owner voluntarily and intentionally relinquishes all rights to it. *Pocono Springs Civic Association, Inc. v. MacKenzie,* 446 Pa.Super. 445, 667 A.2d 233 (1995).

5. The *Conemaugh* court also noted that, while it has the utmost respect in the decisions of the common pleas courts, their decisions are not binding on this Court.

claim property found in the course of their official functions creates an obvious conflict with these duties, which could erode essential public trust. For these reasons, the *Conemaugh Township* court held that a police officer cannot claim ownership of property found during the performance of his official duties.

Under the reasoning set forth in *Conemaugh Township*, whether property found by a police officer in the performance of his duties is lost or abandoned is irrelevant to the finder of the property, because the public faith in law enforcement would be undermined by allowing the officer to assert a claim against the property. Because the decision in *Conemaugh Township* is controlling, the trial court properly determined that Booher lacked standing to contest the forfeiture petition.

Accordingly, we affirm.

### ORDER

NOW, December 10, 1999, the order of the Court of Common Pleas of Westmoreland County in the above matter is affirmed.