J-A09042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MARK C. MEADE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BBVA COMPASS BANK | |
| Appellee | No. 2629 EDA 2014 |

Appeal from the Order entered August 8, 2014
In the Court of Common Pleas of Wayne County
Civil Division at No: 203-CIVIL-2014

BEFORE:  BOWES, DONOHUE, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 12, 2015**

Mark C. Meade appeals *pro se* from an order of the Court of Common Pleas of Wayne County, which sustained the demurrer of Appellee, BBVA Compass Bank (BBVA), in this quiet title action.  Upon review, we affirm.

In another case pending before the Court of Common Pleas of Wayne County, BBVA filed a complaint in foreclosure against Meade (the foreclosure action), to foreclose upon a residential property located in Damascus Township, Wayne County.  In the foreclosure action, the trial court granted BBVA's motion for summary judgment, and Meade appealed to this Court, docketed at No. 1137 EDA 2013.  While the appeal was pending, BBVA

realized the Act 6[1] notice sent to Meade might have been defective. Therefore, BBVA voluntarily discontinued its appeal, vacated the judgment entered in its favor, and dismissed the foreclosure action **without prejudice**.

On April 8, 2014, Meade filed a *pro se* complaint to quiet title. In his complaint, Meade alleged that BBVA's dismissal of the foreclosure action constituted an abandonment of its interest in the subject property. As relief, he requested removal of the mortgage lien on the property. BBVA did not file a responsive pleading, but instead filed a motion for judgment on the pleadings. In its motion, BBVA contended Meade failed to state a claim on which relief may be granted. The trial court treated BBVA's motion as preliminary objections in the nature of a demurrer, sustained the demurrer, and dismissed this action with prejudice. Meade then appealed to this Court.

On appeal, we read Meade's brief as encompassing three arguments: the trial court erred in (1) considering the motion for judgment on the pleadings as preliminary objections; (2) sustaining the demurrer; and (3) denying leave to amend the complaint.

_____

[1] Act of Jan. 30, 1974, P.L. 13, No. 6, *as amended*, 41 P.S. §§ 101-605. Section 403 of Act 6, 41 P.S. § 403 requires residential mortgage lenders to provide notice of intent to foreclose before initiating foreclosure proceedings.

"After the relevant pleadings are closed, but within such time as not to unreasonably delay the trial, any party may move for judgment on the pleadings." Pa.R.C.P. No. 1034(a).

> Entry of judgment on the pleadings is appropriate when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law. Our scope of review is plenary and we will reverse only if the trial court committed a clear error of law or if the pleadings disclose facts that should be submitted to a trier of fact. We accept as true all well-pleaded allegations in the complaint.

*Sisson v. Stanley*, 109 A.3d 265, 274 (Pa. Super. 2015) (quoting *Consolidation Coal Co. v. White*, 875 A.2d 318, 325 (Pa. Super. 2005)). In considering a motion for judgment on the pleadings, the court is guided by the same principles that apply to preliminary objection in the nature of a demurrer. *London v. Kingsley*, 81 A.2d 870, 871 (Pa. 1951). "The question presented in a demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible." *Bruno v. Erie Ins. Co.*, 106 A.3d 48, 56 (Pa. 2014) (internal quotation omitted).

Although we agree with Meade that BBVA's motion for judgment on the pleadings was premature, the trial court did not err in converting the motion into preliminary objections in the nature of a demurrer. Rule 1034(a) permits a motion for judgment on the pleadings only "after the relevant pleadings are closed," and here the relevant pleadings were not closed. We do not find reversible error for several reasons. First, the same legal standard governs judgment on the pleadings and preliminary objections in the nature of a demurrer. *Sisson*, *supra*; *London*, *supra*;

*Bruno*; *supra*. Second, to the extent that BBVA defaulted by failing to plead in response to the complaint, we note Meade never moved the trial court to enter default judgment as required under Pa.R.C.P. No. 1066(a). Third, the trial court gave Meade a full and fair opportunity to contest BBVA's motion through briefing and oral argument. Therefore, he suffered no prejudice when the trial court disregarded BBVA's procedural misstep. *See* Pa.R.C.P. No. 126 (proving for liberal construction of the rules and disregarding of procedural defects that do not affect a party's substantial rights). In sum, the trial court did not err in converting BBVA's motion for judgment on the pleadings into preliminary objections.

Having rejected Meade's first argument, we turn to his second argument that the trial court erred in granting BBVA's motion for judgment on the pleadings. Meade argues BBVA's dismissal of the foreclosure action abandoned its interest in the subject property. Rule 1061 provides that a person may bring a quiet title action:

> (1) to compel an adverse party to commence an action of ejectment;
>
> (2) where an action of ejectment will not lie, to determine any right, lien, title or interest in the land or determine the validity or discharge of any document, obligation or deed affecting any right, lien, title or interest in land;
>
> (3) to compel an adverse party to file, record, cancel, surrender or satisfy of record, or admit the validity, invalidity or discharge of, any document, obligation or deed affecting any right, lien, title or interest in land; or
>
> (4) to obtain possession of land sold at a judicial or tax sale.

Pa.R.C.P. No. 1061(b). The trial court considered Meade's complaint under subsections (2) and (3), based upon BBVA's alleged discharge of its ownership interest in the subject property.

We hold the trial court did not err in granting BBVA's motion for judgment on the pleadings. Meade bases his quiet title action on an allegation that BBVA abandoned its interest in the subject property by dismissing the foreclosure action. That dismissal, however, was **without prejudice**. "Without prejudice" means "[w]ithout loss of any rights; in a way that does not harm or cancel the legal rights or privileges of a party." Black's Law Dictionary 1740 (9th ed. 2009). This definition is directly at odds with any notion of abandonment, which is "[t]he relinquishing of a right or interest with the intention of never reclaiming it." **Id.** at 2; **see also J.W.S. Delavau, Inc. v. E. Am. Transp. & Warehousing, Inc.**, 810 A.2d 672, 684-85 (Pa. Super. 2002) (quoting **Commonwealth v. Wetmore**, 447 A.2d 1012, 1014 (Pa. Super. 1982)) ("Abandonment involves an intention to abandon, together with an act or omission to act by which such intention is apparently carried into effect."). Therefore, BBVA's dismissal without prejudice in no way impaired its interest in the subject property or its right to reinstitute foreclosure proceedings.

Finally, Meade argues the trial court erred in dismissing the quiet title action with prejudice, and should have granted him leave to amend. "While the right to amend should not be withheld where there is some reasonable possibility that amendment can be accomplished successfully, "[w]here

- 5 -

allowance of an amendment would . . . be a futile exercise, the complaint may be properly dismissed without allowance for amendment." ***Wiernik v. PHH U.S. Mortg. Corp.***, 736 A.2d 616, 624 (Pa. Super. 1999) (quoting ***Carlino v. Whitpain Inv'rs***, 453 A.2d 1385, 1388 (Pa. 1982)). Here, the trial court found that amendment would be futile, because Meade's legal theory rested entirely on the effect of BBVA's dismissal of the foreclosure action without prejudice. Moreover, Meade has not stated how he would amend his complaint to plead a viable cause of action. Therefore, the trial court did not abuse its discretion in denying leave to amend.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/12/2015